UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: ETHICON PHYSIOMESH FLEXIBLE COMPOSITE HERNIA MESH PRODUCTS LIABILITY LITIGATION | : : : : | MDL DOCKET NO. 2782 CIVIL ACTION NO. 1:17-MD-02782-RWS |
| This document relates to: | : : | |
| Johnson          v. | : : | Civil Action No.: _____ |
| Ethicon, Inc., et al | : : | |

## SHORT FORM COMPLAINT

Come now the Plaintiff(s) named below, and for their Complaint against the

Defendants named below, incorporate the Master Complaint in MDL No. 2782 by

reference.  Plaintiff(s) further show the court as follows:

1. Plaintiff Implanted with Physiomesh
   Pamela Johnson
   _____

2. Plaintiff's Spouse (if applicable)
   N/A
   _____

3. Other Plaintiff and capacity (i.e., administrator, executor, guardian, conservator)
   N/A
   _____

4. State of Residence and Citizenship of each Plaintiff (including any Plaintiff in a representative capacity) at time of filing of Initial Complaint

   FL

5. State of Residence and Citizenship at the Time of Implantation

   FL

6. District Court and Division in which personal jurisdiction and venue would be proper absent direct filing.

   United States District Court for the Northern District of Florida

7. Defendants (Check Defendants against whom Complaint is made):

   [X]  A. Ethicon, Inc.

   [X]  B. Johnson & Johnson

8. Basis of Jurisdiction

   [X]  Diversity of Citizenship (28 U.S.C. § 1332(a))

   [ ]  Other: _____

   A. Paragraphs in Master Complaint upon which venue and jurisdiction lie:

      11-13

2

B. Other allegations of jurisdiction and venue:

N/A

_____

_____

_____

_____

9.

| Date(s) Plaintiff was Implanted with Physiomesh (list date of each implant surgery, where applicable, on separate line) | Hospital(s) where Plaintiff was implanted with Physiomesh (include City and State of Hospital) | Implanting Surgeon(s) |
|---|---|---|
| 08/29/2013 | Malcolm Randall VA Medical Center Gainesville, FL 32608 | Ryan Thomas, M.D. |
|  |  |  |
|  |  |  |

10. Counts in the Master Complaint brought by Plaintiff(s):

[X]    Count I – Strict Product Liability – Defective Design

[X]    Count II – Strict Product Liability – Failure to Warn

[X]    Count III – Strict Product Liability – Manufacturing Defect

[X]    Count IV – Negligence

[ ]    Count V – Consumer Protection Laws (Please identify applicable
       State Consumer Protection law(s) and state any additional facts and
       legal basis for application of State Consumer Protection law(s) in this
       case)

_____

_____

_____

[X]    Count VI – Gross Negligence

[ ]    Count VII – Loss of Consortium

[X]    Count VIII – Punitive Damages

[X]    Count IX – Discovery Rule, Equitable Tolling/Estoppel (Please
       state any additional facts and legal basis for Discovery Rule and
       Tolling below)

Despite diligent investigation by Plaintiff into the cause of her injuries, including consultation with Plaintiffs medical providers,

the nature of Plaintiffs injuries and damages, and their relationship to Physiomesh was not discovered, and through reasonable case

and due diligence could not have been discovered, until a date within the applicable statute of limitations for filing Plaintiffs

claims. Defendant is estopped from asserting a statute of limitations defense due to Defendant's fraudulent concealment, through

affirmative misrepresentations and omissions, from Plaintiffs and Plaintiffs physicians of the true risks associated with Proceed.

☐    Other Count(s) (Please state factual and legal basis for other claims not included in the Master Complaint  below):

_____

_____

_____

☒    Jury Trial is Demanded as to All Counts

☐    Jury Trial is NOT Demanded as to Any Count

**s/** Adam M. Evans
_____
Attorney(s) for Plaintiff

Address, phone number, email address and bar information:

Adam M. Evans
Brenes Law Group, P.C.
1200 Main St, Suite 2120
(949) 397-9360 Telephone
(949) 607-4192 Facsimile
aevans@breneslawgroup.com

5